**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Alfred Green,

      Plaintiff,

v.

Arizona Department of Corrections, et al.,

      Defendants.

No. MC-26-00003-PHX-DJH

**ORDER**

Before the Court is Petitioner Alfred Green's "Petition for Deposition to Perpetrate Testimonies Before Action in Filed Rule 27(a) and Petition for Discovery Before an Action is Filed" (Doc. 1).[1]  Federal Rule of Civil Procedure 27 permits the filing of a petition to request an order authorizing depositions of named persons to perpetuate testimony in advance of possible future litigation in federal court.  The petition must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

---

[1] Petitioner did not pay the filing fee for this miscellaneous action.  Because the Court will dismiss the Petition, it will not address this omission.

Fed. R. Civ. P. 27(a)(1).

Petitioner's request does not fall within the ambit of Rule 27. Petitioner seeks to "preserve video evidence" and certain camera footage he says may be destroyed. (Doc. 1 at 2). But Rule 27 authorizes a deposition of a person to perpetuate evidence and is not, as Petitioner appears to suggest, a general mechanism for discovery to determine whether a cause of action exists or to preserve unknown information for future litigation. *See State of Nevada v. O'Leary*, 63 F.3d 932, 933 (9th Cir. 1995) ("Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief."). Notably, the Petition does not seek testimony and, even if it did, the petition does not adequately identify imminent risks that justify authorizing Petitioner to take testimony at this stage. Petitioner states that "[Arizona Department of Correction Core Civic] policy suggests that video footage has a retention period, which is undisclosed/unavailable to me, in upon which the video footage will be subsequently destroyed." (Doc. 1 at 2). But the petition does not show that any testimony he hopes to elicit will be lost if not preserved. *See Calderon v. United States District Court for the Northern District of California*, 144 F.3d 618, 621 (9th Cir. 1998) ("Unlike other discovery rules, Rule 27(a) allows a party to take depositions prior to litigation if it demonstrates. . . the reasons the testimony will be lost if not preserved") (citation and internal quotation marks omitted).

Accordingly,

**IT IS ORDERED** that the "Petition for Deposition to Perpetrate Testimonies Before Action in Filed Rule 27(a) and Petition for Discovery Before an Action is Filed" (Doc. 1) is **denied**. The Clerk of Court shall terminate this miscellaneous action.

Dated this 21st day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 2 -